# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MACK SIMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-1936 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus received by the clerk from Mack Sims, a *pro se* prisoner, on October 27, 2014. For the reasons set forth below, the court: (1) **DIRECTS** the clerk to unrestrict access to the original habeas corpus petition (DE 1); (2) **FINDS** that this habeas corpus proceeding was timely filed; and (3) **ORDERS** the Respondent to address the one ground raised by Sims in his amended habeas corpus petition (DE 3) and file the complete State court record by March 31, 2016.

DISCUSSION

Mack Sims, a *pro se* prisoner, is challenging his conviction and sentence by the Elkhart Superior Court under cause number 20D01-9311-CF-104 on December 1, 1994. The Respondent argues that the habeas corpus petition must be dismissed because it is

untimely. Habeas Corpus petitions are subject to a strict one year statute of limitations. The statute provides four possible dates from which the limitation period begins to run, but only two are relevant in this case. The respondent argues that the court should apply § 2244(d)(1)(A): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Sims argues that the court should apply § 2244(d)(1)(D): "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Sims raise only one ground for relief in his amended habeas corpus petition. He argues that he was prejudiced by the State's failure to disclose that the sole eyewitness at trial had been hypnotized to enhance his memory. Sims did not learn this information until 2012 during his post-conviction relief proceedings. The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Though the respondent questions whether Sims exercised due diligence, the Indiana post-conviction relief court found that "[t]he aforementioned evidence was 'newly discovered evidence'" and the Court of Appeals of Indiana did not disturb that finding. *Sims v. State*, 990 N.E.2d 523, *3 (Ind. Ct. App. 2013) (table).

2

Therefore this court accepts that it qualifies as newly discovered evidence.

Therefore, the 1-year period of limitation began in 2012 pursuant to § 2244(d)(1)(D) when the factual predicate of the claim was discovered through the exercise of due diligence. However, it was immediately tolled pursuant to § 2244(d)(2) because the disclosure occurred during his post-conviction relief proceedings. The tolling ended when the Indiana Supreme Court denied transfer on October 3, 2013. DE 6-4 at 1. Thus, Sims had until October 3, 2014, to file a timely habeas corpus petition. The amended petition (DE 3) was not signed and mailed until October 24, 2014. However, the original petition (DE 1) was signed and mailed on September 29, 2014. Because the amended petition raised the same claim that was included in the original, it relates back to that date. *See Mayle v. Felix*, 545 U.S. 644, 654 (2005) (The principles of "relation back" embodied in Federal Rule of Civil Procedure 15 apply to habeas corpus cases.)

CONCLUSION

For the reasons set forth above, the court: (1) **DIRECTS** the clerk to unrestrict access to the original habeas corpus petition (DE 1); (2) **FINDS** that this habeas corpus proceeding was timely filed; and (3) **ORDERS** the Respondent to address the one ground

raised by Sims in his amended habeas corpus petition (DE 3) and file the complete State court record by March 31, 2016.


DATED: January 11, 2016        /s/RUDY LOZANO, Judge
                                             United State District Court